**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARREN WILLIAMS | : | |
|     Plaintiff, | : | |
|     v. | : | No. |
| COUNTY OF DELAWARE d/b/a GEORGE W. HILL CORRECTIONAL FACILITY | : | PLAINTIFF'S COMPLAINT IN CIVIL ACTION |
|     and | : | |
| GEO GROUP, INC. | : | |
|     and | : | JURY TRIAL DEMANDED |
| WARDEN LAURA WILLIAMS | : | |
|     and | : | |
| DEPUTY WARDEN LISA MASTRODDI | : | |
|     and | : | |
| DONNA MELLON | : | |
|     and | : | |
| WALTER BRICK-TRIPP | : | |
|     and | : | |
| JOHN DOE DEFENDANTS 1-4 | : | |
|     and | : | |
| JANE DOE DEFENDANTS 1-4 | : | |
|     Defendants. | : | |

**PLAINTIFF'S COMPLAINT IN CIVIL ACTION**

**PRELIMINARY STATEMENT**

1. This action is brought under 42 U.S.C. §1983 for deprivation of Plaintiff's substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Plaintiff's right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the U.S. Constitution. Plaintiff also brings state law claims for negligence.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

1

## PARTIES

3. Plaintiff Warren Williams is an adult individual who, at the time of the events described herein, was an inmate at George W. Hill Correctional Facility, ("GWH"), located in Thornton, Delaware County, Pennsylvania, and operated at the time by Defendant County of Delaware.

4. Defendant County of Delaware d/b/a George W. Hill Correctional Facility ("Delaware County") is a municipal corporation with an address for service at 201 West Front Street, Media, PA 19063, which at the time of the events giving rise to this action was the owner and/or operator of GWH and was responsible for promulgating and enacting policies, procedures, and customs necessary to ensure the maintenance of reasonably safe facilities at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

5. Defendant Geo Group, Inc. ("Geo Group") is a for-profit business corporation with a principal place of business at 621 Northwest 53rd Street, Suite 700, Boca Raton, FL 33487, which, between 2017 and 2022, was the owner and/or operator of GWH, and was responsible for promulgating and enacting policies, procedures, and customs necessary to ensure the maintenance of reasonably safe facilities at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

6. Defendant Warden Laura Williams is an adult individual who, at the time of the events described herein, was the Warden at GWH, and was responsible for administering GWH, overseeing and directing its staff, and maintaining the heating

systems at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

7. Defendant Deputy Warden Lisa Mastroddi is an adult individual who, at the time of the events described herein, was the Deputy Warden of Operations at GWH, and was responsible for inspecting, maintaining, and implementing repairs of the heating systems at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

8. Donna Mellon is an adult individual who, upon information and belief, was the Warden at GWH in the time period leading up to the Plaintiff's accident described herein, and during such time was responsible for administering GWH, overseeing and directing its staff, and maintaining the heating systems at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

9. Walter Brick-Tripp is an adult individual who, upon information and belief, was the Facility Administrator and/or Deputy Facility Administrator at GWH in the time period leading up to the Plaintiff's accident described herein, and during such time was responsible for inspecting, maintaining, and implementing repairs of the heating systems at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

10. John Doe Defendants 1-4 are as-of-yet unidentified individuals who were administrators at GWH in the period leading up to the Plaintiff's accident described herein, who were responsible for overseeing and/or directing the inspection, maintenance, and repair of the heating systems at GWH so as not to create or allow conditions

amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

11. Jane Doe Defendants 1-4 are as-of-yet unidentified individuals who were administrators at GWH in the period leading up to the Plaintiff's accident described herein, who were responsible for overseeing and/or directing the inspection, maintenance, and repair of the heating systems at GWH so as not to create or allow conditions amounting to cruel and unusual punishment or deprivation of the substantive due process rights of the inmates there.

## FACTUAL ALLEGATIONS

12. Defendant Geo Group operated GWH since approximately April 2017 under a contract with Defendant Delaware County whereby Defendant Geo Group was to perform staffing, oversight, operation, facility maintenance and/or repairs at GWH.

13. Defendant Delaware County took control of operations at GWH in or around April 2022 after discontinuing its contract with Defendant Geo Group.

14. Plaintiff was incarcerated at GWH in February 2023 as either a pre-trial detainee or in service of a sentence of confinement.

15. During the time of Plaintiff's incarceration at GWH, there was an extended period of particularly cold temperatures outside, well below the freezing point.

16. Defendant Geo Group, during its tenure overseeing GWH, failed to make necessary repairs and system updates to the heating systems at GWH, resulting in woefully inadequate heating facilities at GWH.

4

17. After assuming control of GWH from Geo Group, Defendant Delaware County failed to address the neglected heating systems at GWH, such that the internal temperature at GWH was regularly allowed to drop well below habitable conditions.

18. The heaters at GWH breaking down and becoming non-functional was a regular occurrence at GWH every winter, but the above-named Defendants never undertook to perform necessary permanent repairs or replacement of the heating systems to maintain a reasonable and safe temperature inside GWH during the winter.

19. On February 4, 2023, Plaintiff left his cell to be administered his medication.

20. While walking to the location where medical staff administered the medication, Plaintiff was caused to slip and fall on ice that had accumulated on the floor due to the extremely cold temperatures inside GWH.

21. Plaintiff did not see the ice on the floor prior to slipping on it.

22. When Plaintiff fell, he struck his head on the floor, sustaining a scalp laceration and a traumatic intracranial hemorrhage with loss of consciousness.

23. Plaintiff was taken by emergency medical services to Riddle Hospital, where he was diagnosed with the above conditions and transferred to Lankenau Medical Center to treat his brain injury.

24. Plaintiff was held at Lankenau Medical Center through February 5, 2023, when he was discharged back to GWH.

25. To date, Plaintiff continues to experience neurological complications resulting from the above-described fall.

## CLAIMS FOR RELIEF

### COUNT I – FEDERAL CLAIMS
### Warren Williams v. County of Delaware d/b/a George W. Hill Correctional Facility and Geo Group, Inc.
### Federal Constitutional Violations

26. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

27. Defendants were at all times relevant hereto acting as state actors operating under color of law as the owners and/or operators of GWH.

28. Defendants were at all times relevant hereto acting by and through their employees and/or agents, within the scope of their employment and/or agency, and can therefore properly be charged with liability for the acts and/or omissions of same pursuant to the doctrine of *respondeat superior*.

29. Defendants were at all times relevant hereto responsible for promulgating and enacting policies to maintain heating systems at GWH sufficient to avoid creating or allowing conditions constituting cruel and unusual punishment pursuant to the Eighth Amendment or deprivation of the substantive due process rights of the inmates there pursuant to the Fourteenth Amendment.

30. Despite the heating systems at GWH breaking down and becoming non-functioning on an annual basis in the wintertime, and despite the Defendants' knowledge of this, they maintained a policy, procedure or custom of doing temporary and incomplete repairs on the heating systems at GWH in the years preceding the Plaintiff's accident, which caused the heating systems to continue regularly breaking down and plunging the interior of GWH to temperatures that were inherently unreasonable and unsafe to the inmates at GWH.

31. Defendants were aware of the risk of harm to the inmates at GWH due to the extremely cold temperatures and were deliberately indifferent to the inmates' rights under the Eighth and Fourteenth Amendments to the United States Constitution to have adequate heat in the winter.

32. As a direct and proximate result of the Defendants' deliberate indifference, Plaintiff sustained the above-described injuries, from which he continues to experience residual symptoms, causing the Plaintiff significant pain, suffering, inconvenience, discomfort, mental distress, and loss of life's pleasures, all to his great and continuing loss.

## COUNT II – FEDERAL CLAIMS
### Warren Williams v. Warden Laura Williams, Deputy Warden Lisa Mastroddi, Donna Mellon, Walter Brick-Tripp, John Doe Defendants 1-4 and Jane Doe Defendants 1-4
### Federal Constitutional Violations

33. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

34. The above-named Individual Defendants were at all times relevant hereto acting in their individual capacities as state actors because they were responsible for overseeing and/or directing the inspection, maintenance, and repair of the heating systems at GWH in order to keep them in proper working order so as not to create or allow conditions at the prison constituting cruel and unusual punishment pursuant to the Eighth Amendment or deprivation of the substantive due process rights of the inmates there pursuant to the Fourteenth Amendment.

35. The Individual Defendants were aware that the heating systems at GWH regularly broke down in the winter and were aware of the inherent and unreasonable risk

7

of harm to the inmates at GWH, yet they repeatedly decided to perform only temporary and incomplete repairs on these heating systems, doing little to maintain the heating systems in proper working order so as to keep the interior temperature at GWH at a reasonable level.

36. The Individual Defendants were aware of the risk of harm to the inmates at GWH due to the extremely cold temperatures and were deliberately indifferent to the inmates' rights under the Eighth and Fourteenth Amendments to the United States Constitution to have adequate heat in the winter.

37. As a direct and proximate result of the Individual Defendants' deliberate indifference, Plaintiff sustained the above-described injuries, from which he continues to experience residual symptoms, causing the Plaintiff significant pain, suffering, inconvenience, discomfort, mental distress, and loss of life's pleasures, all to his great and continuing loss.

**COUNT III – STATE LAW CLAIM**
**Warren Williams v. Geo Group, Inc.**
**Negligence/Vicarious Liability**

38. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

39. Defendant Geo Group, Inc. was under a duty to provide adequate heating to maintain reasonably safe conditions at GWH during the period of its ownership and/or operation of GWH.

40. Defendant was at all times relevant hereto acting by and through its employees and/or agents, in the course and scope of their employment and/or agency, and

8

Defendant can therefore be properly charged with liability for their acts and/or omissions pursuant to the doctrine of *respondeat superior*.

41. Despite being on notice that the heating systems at GWH regularly failed in the winter, Defendant, by and through its employees and/or agents, consistently failed and/or refused to repair or replace the heating systems to provide adequate heat, resulting in the temperature at GWH falling below the freezing point and allowing for the formation of ice on the floor, posing an unreasonable risk of harm to the Plaintiff and all similarly-situated inmates at GWH.

42. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained all injuries and damages described above.

## COUNT IV – STATE LAW CLAIM
### Warren Williams v. Donna Mellon, Walter Brick-Tripp, John Doe Defendants 1-4, and Jane Doe Defendants 1-4
### Negligence

43. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

44. Defendants Donna Mellon, Walter Brick-Tripp, John Doe Defendants 1-4, and Jane Doe Defendants 1-4 were at all times relevant hereto responsible for overseeing and/or directing the inspection, maintenance, and repair of the heating systems at GWH in order to keep them in proper working order so as not to pose an unreasonable risk of harm to the inmates at GWH.

45. Despite being on notice that the heating systems at GWH regularly failed in the winter, Defendant, by and through its employees and/or agents, consistently failed and/or refused to repair or replace the heating systems to provide adequate heat, resulting in the temperature at GWH falling below the freezing point and allowing for the

formation of ice on the floor, posing an unreasonable risk of harm to the Plaintiff and all similarly-situated inmates at GWH.

46. As a direct and proximate result of the Defendant's negligence, Plaintiff sustained all injuries and damages described above.

**COUNT V**
**Warren Williams v. All Defendants**
**Punitive Damages**

47. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

48. The Defendants' conduct as described above was willful, wanton, and in direct and deliberate indifference to the rights of the Plaintiff and all similarly-situated inmates at GWH, such that the imposition of punitive damages is appropriate.

**PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully requests:

A. Compensatory damages;

B. Attorney's fees and costs; and,

B. Punitive damages.

Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855
DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099