IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Warren Williams,<br><br>    *Plaintiff,*<br><br>  v.<br><br>County of Delaware, et al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 25-465 |

**Pappert, J.**                                                                                                            **April 17, 2025**

### MEMORANDUM

    Warren Williams claims that below-freezing temperatures inside the George W. Hill Correctional Facility (GWH) caused an ice patch to form on the floor, which in turn caused him to slip, fall and suffer several injuries. He now brings claims under 42 U.S.C. § 1983 and Pennsylvania tort law against Delaware County, several prison officials, and GEO Group — the contractor that used to run GWH on the County's behalf. All Defendants except GEO move to dismiss the Complaint for failure to state a claim. The Court grants the motions with leave to amend.

I

    Williams alleges that "the HVAC equipment at GWH is more than twenty-five years old" and no longer "useful." (Am. Compl. ¶ 17, ECF No. 9.) As a result, the prison was without heat several times for unspecified durations during the winters of 2020–2021, 2021–2022 and 2022–2023. (*Id.* ¶¶ 22–28.) A November 2020 report by then-Warden of GWH Donna Mellon acknowledged the defective condition of the prison's HVAC system, noting that "[a]s with every winter, the heaters continue to break." (*Id.* ¶ 20.) When the heat stopped working in February 2023, temperatures

1

reached below-freezing levels and a patch of ice formed on the floor as a result. (*Id.* ¶¶ 28, 30.) Williams alleges that on February 4, he slipped on the ice "[w]hile walking to the location where medical staff administered [his] medication," that he "did not see the ice . . . prior to stepping on it," and that he suffered several serious injuries from his fall. (*Id.* ¶¶ 30–32.)

Williams sued GEO Services, who Delaware County contracted to run "staffing, oversight, operation, facility maintenance and/or repairs at GWH" from April 2017 to April 2022. (*Id.* ¶¶ 12, 14.) He also sued Delaware County itself, who has "control[led] . . . operations at GWH" from April 2022 onward. (*Id.* ¶ 14.) And he sued Donna Mellon, the Warden at GWH for some unspecified period of time "leading up to [Williams's] accident"; Laura Williams, the Warden at the time of the accident; Lisa Mastroddi, the Deputy Warden at the time of the accident; and Walter Brick-Tripp, who was either the Facility Administrator or the Deputy Facility Administrator for some again-unspecified period "leading up to Williams's accident." (*Id.* ¶¶ 6–9.)

II

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain facts sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678–79 (quoting *Twombly*, 550 U.S. at 570).

2

Determining plausibility is a "context-specific task" requiring a court to use its "judicial experience and common sense." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016). In making this determination, the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *Id.* at 790. The plaintiff need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence" of each element of his claim. *Connelly*, 809 F.3d at 788–89. But "[c]onclusory assertions of fact and legal conclusions," are not entitled to the presumption of truth. *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016). So "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 555).

III

To state a claim under § 1983, a plaintiff must allege facts which could show he was deprived of a federal "right[], privilege[], or immunity[y]." 42 U.S.C. § 1983. Williams here claims the Defendants violated his Eighth Amendment right against cruel and unusual punishment,[1] which entitles prisoners to "the minimal civilized

---

[1] Williams apparently does not know, and cannot learn without discovery, whether he was a pretrial detainee or serving a prison sentence when he fell. (Am. Compl. ¶ 15); (Resp. to Cnty. Defs. 7 n.1, ECF No. 14.) All parties assume without explanation that the Eighth Amendment standard applicable to Williams if he was a convicted prisoner is identical to the one applicable under the Fourteenth Amendment if he was a pretrial detainee. (Cnty. Defs. Mot. 6, ECF No. 11); (Brick-Tripp Mot. 5, ECF No. 12); (Resp. to Cnty. Defs. n.1); (Resp. to Brick-Tripp Mot. 6, n.1, ECF No. 15.) Whether that's true is not at all clear in light of *Kinglsey v. Hendrickson*, 576 U.S. 389 (2015). *See Hightower v. City of Philadelphia*, 130 F.4th 352, 356 (3d Cir. 2025); *Short v. Hartman*, 87 F.4th 593, 603–06 (4th Cir. 2023); *Darnell v. Pineiro*, 849 F.3d 17, 32–36 (2d Cir. 2017); *Strain v. Regalado*, 977 F.3d 984 (10th Cir. 2020).

Consistent with the party-presentation principle, the Court will at this juncture analyze Williams's § 1983 claim under only the Eighth Amendment standard. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008); *see also Short*, 87 F.4th at 603–04 (explaining that pursuant to the party-presentation principle, the court could have elected not to take up the issue of whether the

measure of life's necessities," including "reasonable safety." *Farmer v. Brennan*, 511 U.S. 825, 835, 844 (1994). To succeed, Williams must show that he faced a "substantial risk of serious harm," and the Defendants were deliberately indifferent to that risk. *Kalu v. Spaulding*, 113 F.4th 311, 341–42 (3d Cir. 2024).[2]

"Deliberate indifference" to a risk of harm means, for Eighth Amendment purposes, knowing and unreasonable disregard of the risk. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3d Cir. 2010). An official has knowledge of a risk if he is "aware of facts from which the inference could be drawn that [the] risk . . . exists" and actually "draw[s] the inference." *Farmer*, 511 U.S. at 837. The official must also appreciate the nature of the risk — he's not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844. Knowledge can be inferred where the risk was "'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about [it]." *Betts*, 621 F.3d at 259 (quoting *Farmer*, 511 U.S. at 842–43); *see also Kedra v. Schroeter*, 876 F.3d 424, 442 (3d Cir. 2017) ("the obviousness of [a] risk [i]s a permissible and highly relevant basis from which to infer actual knowledge.")

Williams has failed to allege facts showing that anyone knew of the ice on which he slipped or the risk that such an ice patch could form. All he alleges is that the

---

Fourteenth Amendment standard applicable to pretrial detainees differed from the Eighth Amendment standard applicable to prisoners).

[2]   The County Defendants fail to contend seriously with contours of Williams's Eighth Amendment right, making only the blanket argument that slip-and-fall cases are never cognizable under § 1983. (Cnty. Defs. Mot. 3–6.) In support of this proposition they cite no controlling authority, and the persuasive case law they do cite is factually distinguishable, so the Court proceeds under the typical Eighth Amendment rubric.

individual Defendants — all high-level prison administrators — knew that the prison's heat often stopped functioning. (Am. Compl. ¶¶ 6–9, 18, 20–28.) He doesn't say for how long the heat typically stopped working nor whether the prison had previously experienced freezing temperatures or ice accumulation. Nor does he allege any facts about the prison that might have made the risk of ice accumulating on the floor during freezing temperatures obvious to the Defendants. Without more, the Court cannot reasonably infer that anyone subjectively appreciated the risk that the prison would reach below-freezing temperatures, which would in turn cause ice to form on the floor.

Williams is not helped by the cases he cites in which courts hold that deliberate indifference to extreme cold in prisons can be an Eighth Amendment violation. *See* (Resp. to Cnty. Defs. 5–6); (Resp. to Brick-Tripp 4–6.) Unlike in those cases, the cold itself is not what caused Williams's alleged injuries. *See, e.g.*, *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (involving allegations of "protracted deprivation of warmth and the ability to sleep"). Williams must allege facts that could at least show the Defendants' knowledge of the ice or the risk that an icy hazard could form.[3]

V

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or

---

[3] The County Defendants also ask the Court to decline to exercise supplemental jurisdiction over the negligence claims against them pursuant to 28 U.S.C. § 1367(c)(3). (Cnty. Defs. Mot 6–7.) But subsection (c)(3) is inapplicable because the Court still has original federal-question jurisdiction over the § 1983 claim against GEO. 28 U.S.C. § 1331. The County Defendants have offered no other reason why the Court should decline supplemental jurisdiction, so the Court will retain jurisdiction for now.

that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). The Court will allow Williams to amend his § 1983 claims. He may do so on or before May 1, 2025.

    An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.
